IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEWON EVANS                                                               PETITIONER

V.                                                        CIVIL ACTION NO. 4:15CV117-NBB-JMV

STATE OF MISSISSIPPI                                                      RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the court on the June 9, 2016 Report and Recommendation of the Magistrate Judge regarding a prior Report and Recommendation on Respondent's Motion to Dismiss. The Report and Recommendation was duly served on Petitioner, Kewon Evans, and Petitioner timely filed objections to said Report and Recommendation. Upon due consideration of the Motion to Dismiss, the Report and Recommendation, and Petitioner's objections, the court finds that Petitioner's objections should be overruled, and the June 9, 2016 Report and Recommendation should be approved and adopted as the opinion of the court.

Respondent, the State of Mississippi, was directed to answer Evans' petition by order of the court and did so on March 4, 2016, with its motion to dismiss. Petitioner filed no response to the motion to dismiss, and the Magistrate Judge filed a Report and Recommendation on said motion on April 19, 2016. Ten days later, Petitioner filed a Motion for Reconsideration of the Report and Recommendation attaching thereto a response to the State's motion to dismiss rather than a memorandum brief in support of his motion. Finding Petitioner's explanation for his failure to respond in a timely manner persuasive, the Magistrate Judge reconsidered her Report and Recommendation but reached the same conclusion set forth in her previous Report and Recommendation that the instant federal habeas petition is untimely.

Petitioner also filed a Motion to Appeal Magistrate Judge Decision shortly after filing his Motion for Reconsideration regarding the Magistrate Judge's original Report and Recommendation. Said appeal addresses the same issues set forth in Petitioner's objections and will therefore be rendered moot by this order.

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). "Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has reviewed the Report and Recommendation *de novo* and finds that Petitioner's objections are without merit. In fact, Petitioner's objections are simply a rehash of the arguments he made in response to the State's motion to dismiss; to wit: (1) that the statute of limitations for filing his federal habeas petition did not begin to run when his state court conviction became final but instead when his second motion for post-conviction relief was denied by the state court, and (2) that the statute did not begin to run as long as Petitioner continued to discover or compile additional evidence to underpin the factual predicate offered in support of his claim for habeas relief, even if the factual predicate and claim based thereon had been well known to Petitioner previously.

The instant petition was filed pursuant to 28 U.S.C. § 2254. Title 28 U.S.C. § 2244(d)(1) provides in pertinent part that the one-year statute of limitations for a claim under Section 2254 begins to run "from the latest of (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The statute further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The court finds that the Magistrate Judge properly calculated the limitations period to determine that the instant petition was untimely and hereby adopts the rationale set forth in the Report and Recommendation. The court further finds that the Magistrate Judge properly rejected Petitioner's argument that, though the factual predicate of his claim (that a certain juror failed to disclose her relationship to a witness in his case) was known to him on October 11, 2012, when the juror's recorded statement to Petitioner's investigator was transcribed and signed by her, the statute of limitations did not begin to run until he obtained an affidavit of the juror on November 6, 2014. As the Magistrate Judge noted, Evans, like the petitioner in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998), upon which Evans' argument mistakenly relies, confuses the compiling of additional evidence in support of a previously known (and indeed previously asserted in Petitioner's state court motions for post-conviction relief) factual predicate with *knowledge* of the factual predicate. The court finds, as did the Magistrate Judge, that "[s]uch cumulative evidence does not start a new one-year statute running, and no authority is cited by Petitioner to suggest otherwise." [Report and Recommendation, Doc. No. 10, p. 10].

The Magistrate Judge also recommends that a Certificate of Appealability be denied. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this court must issue or deny a

certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the court adopts the Magistrate Judge's recommendation and finds that a COA should be denied in this case.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. That the Report and Recommendation of the United States Magistrate Judge dated June 9, 2016, is hereby approved and adopted as the opinion of the court;

2. That the State of Mississippi's Motion to Dismiss is hereby **GRANTED**;

3. That the instant petition is hereby dismissed with prejudice;

4. That Petitioner's Motion to Appeal Magistrate Judge Decision is moot; and

5. That Petitioner is hereby denied a Certificate of Appealability.

This, the 30th day of March, 2017.

      /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**